Scott Ferrell SBN 213405
Law Offices of Scott Ferrell
30162 Tomas, Suite 204
Rancho Santa Margarita, CA 92688
Tel: (949) 659-6746
Email: scott@scottferrell.com

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| Jennifer Tran,<br><br>Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc.,<br><br>Defendant. | Case No.<br><br>PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Jennifer Tran, ("Plaintiff"), who, through legal counsel, alleges the following against Defendant Experian Information Solutions, Inc., ("Experian").

### Nature of the Action

1. This action arises under the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. §1681 *et seq*.

**Parties**

2. At all relevant times, Plaintiff has been a natural person residing in the city of Saint Louis, in the county of Saint Louis, in the state of Missouri.

3. At all relevant times, Plaintiff has been a "consumer," as that term is defined by 15 U.S.C. §1681(a)(c).

4. Defendant Experian is a corporation headquartered in Costa Mesa, California.

5. Defendant Experian is a "person" as the term is defined by a consumer reporting agency and used in 15 U.S.C. §1681a(b).

6. Defendant Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681(d).

7. Defendant Experian furnishes such consumer reports to third parties for monetary compensation.

8. Defendant Experian is a "consumer reporting agency," ("CRA"), as the term is described in 15 U.S.C. §1681a(f).

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Jurisdiction and Venue

10. Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

11. Venue is proper pursuant to 28 U.S.C. §1391(b) because: the Defendant is headquartered in this District; the conduct giving rise to this action occurred in this District; and, either a substantial part of the events or omissions giving rise to the claims herein occurred within this District, or a substantial part of the property which is the subject of this action is situated within the District.

## Factual Allegations

12. Plaintiff, a consumer who is the victim of inaccurate reporting by Experian, has suffered particularized and concrete harm in the form of loss of credit, defamation, and/or loss of reputation.

13. CRAs, including Experian, have a duty under the FCRA to follow reasonable procedures to ensure the consumer reports they sell meet the standard of "maximum possible accuracy" 15 U.S.C. §1681(e)(B).

14. Experian's inaccurate reporting is in regards to an account which Plaintiff had with Citizens Pay Credit, with an account number beginning with 6058, (the "Account").

15. After becoming delinquent on the Account, Plaintiff and Citizens Pay Credit agreed to settle the outstanding balance owed on the Account.

16. Plaintiff satisfied the terms of the settlement agreement on or about June 25, 2025, by making all of the payments called for under the terms of the agreement, thereby fulfilling all obligations owed on the Account.

17. The Account should be reported with a zero-balance owed and a Metro 2 status code of Code 64.

18. However, when Plaintiff received a copy of the credit report on or around December 26, 2025, Plaintiff found Experian reporting the Account with a balance owed and an inaccurate state of the Account.

19. Further, Experian failed to report the payments Plaintiff made under the terms of the agreement.

20. Experian's failure to report the Account correctly harmed Plaintiff's credit score which would, at least, mislead any third-party reviewing Plaintiff's credit history.

21. On or around January 13, 2026, Plaintiff issued a dispute by mail to Experian regarding the inaccurate information being reported on the Account and included proof of the agreement between Plaintiff and Citizens Pay Credit, as well as proof of the payments made to satisfy the agreement between the two parties.

22. This dispute was delivered on or around January 17, 2026.

23. However, despite having received the letter and accompanying proof of

payment, Experian failed to properly investigate Plaintiff's dispute and failed to consider any of the supporting documentation provided by Plaintiff; Experian continues to report the Account as having a balance owed.

24. This information is inaccurate and misleading.

25. Additionally, due to this inaccurate reporting, Plaintiff has concerns the erroneous information will result in a further decline in Plaintiff's credit score and history when applying for credit.

## COUNT I Against Experian: Violation of the Fair Credit Reporting Act—15 U.S.C. § 1681e(b)

26. By reference, Plaintiff repeats and incorporates into this cause of action the allegations set forth previously in Paragraphs 1-25.

27. After receiving Plaintiff's dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

28. Experian violated 15 U.S.C. §1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) which Experian published and maintained concerning the Plaintiff.

29. As a result of the conduct, action, and inaction of Experian, Plaintiff has suffered and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal

and usual activities. For such damages, Plaintiff seeks compensation in an amount to be determined by the trier of fact.

30. Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

31. In the alternative, Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

32. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II Against Experian: Violation of the Fair Credit Reporting Act—15 U.S.C. §1681i

33. By reference, Plaintiff repeats and incorporates into this cause of action the allegations set forth previously in Paragraphs 1-32.

34. After receiving Plaintiff's dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

35. Experian violated 15 U.S.C. §1681i because, after receiving actual notice of such inaccuracies, Defendant failed to delete inaccurate information in Plaintiff's credit files, failed to conduct lawful reinvestigations, and failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

36. As a result of Defendant's conduct, action, and inaction, Plaintiff has

suffered and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities. For such damages, Plaintiff seeks compensation in an amount to be determined by the trier of fact.

37. Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

38. In the alternative, Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

39. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. §1681n and/or 1681o.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against the Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b. Punitive damages, pursuant to 15 U.S.C. §1681n(a)(2), for Defendant's willful violation;

c. The costs of instituting this action together with reasonable attorneys' fees incurred by Plaintiff pursuant to 15 U.S.C. §1681n(a)(3); and

d. Any further legal and equitable relief as the court may deem just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Date: April 8, 2026

By: */s/ Scott Ferrell*

Scott Ferrell SBN 213405
Law Offices of Scott Ferrell
30162 Tomas, Suite 204
Rancho Santa Margarita, CA 92688
Tel; (949) 659-6746
Email: scott@scottferrell.com

Attorneys for Plaintiff,
JENNIFER TRAN